IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAJUAN BROWN (#2012-0516159), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 7777 |
| | ) | |
| v. | ) | |
| | ) | Judge Manish S. Shah |
| THOMAS J. DART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's amended complaint [6] is dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim. The case is closed on the Court's docket. Plaintiff's motion for attorney representation [4] is denied as moot. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

**STATEMENT**

Pro se Plaintiff Dajuan Brown, a Cook County Jail pretrial detainee, has brought a civil rights lawsuit against Cook County Jail administration pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's amended complaint for initial review pursuant to 28 U.S.C. § 1915A, and Plaintiff's motion for attorney representation.

Under 28 U.S.C. § 1915A(a), the Court is required to screen pro se prisoners' Section 1983 complaints and dismiss lawsuits brought *in forma pauperis* if the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Plaintiff's original complaint was dismissed without prejudice because allegations of having to pass through an x-ray machine 60-70 times per year did not "raise a right to relief above the speculative level." *See Bell Atlantic v. Twombly,* 550 U.S. 544, 555 (2007).

In his amended complaint, Plaintiff again alleges that he is forced into an x-ray machine 60-70 times per year as part of the security screening when leaving and/or entering the Jail. He alleges that the x-ray machines used at the Jail have been banned at airports and other establishments throughout the world because

they have been "deemed unsafe." He now also alleges that he feels faint and nauseous for approximately five to ten minutes after being forced to go through the x-ray procedure. He alleges that all of the Defendants are aware that the x-ray machine is unsafe but they continue to use it and force Plaintiff to go through the x-ray process. He alleges that Superintendent Martinez has repeatedly told him to "make sure you run through the x-ray scanner" because he is aware of how unsafe it is. He further alleges the machines induce radiation levels that are known to cause cancer.

As fully set forth in the court's previous order, under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Also, it is well-established that courts construe *pro se* complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam).

Jail officials must "provide humane conditions of confinement," including adequate food, clothing, shelter, protection, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, not every injury or deprivation suffered by a detainee translates into constitutional liability for the officials responsible for the detainee's health and well-being. *See Id.* at 834, *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Henderson v. Sheahan*, 196 F.3d 839, 844 (7th Cir. 1999). Instead, only a jail official's deliberate indifference to a prisoner's serious illness or injury states a cause of action. *Henderson*, 196 F.3d at 844.

Plaintiff now alleges both a current injury and a future injury. However, his current alleged injury, feeling faint and nauseous for approximately five to ten minutes after going through an x-ray machine, is not plausible on its face. *See Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012) (when determining the plausibility of a claim, the court conducts a context-specific review of the allegations drawing on its common sense and judicial experience). [1] It is simply not plausible

---

[1] Plaintiff's allegation that jail staff have detainees run through the x-ray machine is not plausible because, as a matter of common sense and experience, running through an x-ray machine would entirely defeat the security purpose of screening. Nevertheless, whether Plaintiff stops in the machine or runs through it, it is not plausible that Plaintiff suffers the alleged immediate injury of feeling faint and nauseous.

2

that an x-ray machine induces immediate fainting and nausea. Assuming the Jail uses x-ray machines akin to medical screening devices (a generous assumption in plaintiff's favor), such a side effect is well beyond any reported effects of medical x-ray imaging.[2] The basis for Plaintiff's allegation is that the x-ray machines used by the Jail have been banned worldwide, but that too is not plausible.[3]

In order to sustain a claim for future harm caused by exposure to radiation from an x-ray machine, Plaintiff must satisfy the objective and subjective elements necessary to prove a Fourteenth Amendment claim of deliberate indifference. *See Henderson*, 196 F.3d at 847, citing *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993). As to the objective component of a future injury claim, Plaintiff must show that he himself is being exposed to unreasonably high levels of radiation. *See Henderson*, 196 F.3d at 847. "This objective inquiry requires more than just a 'scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [radiation],'" it also requires that Plaintiff "show 'that the risk of which he complains is not one that today's society chooses to tolerate.'" *Id.* at 847, quoting *Helling*, 509 U.S. at 36. Importantly, jail officials need not "provide a maximally safe environment, one completely free from pollution or safety hazards." *Carroll v. DeTella*, 255 F.3d 470, 472 (7th Cir. 2001), citing *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1993). "The Eighth Amendment does not require prisons to provide prisoners with more salubrious air, healthier food, or cleaner water than are enjoyed by substantial numbers of free Americans." *Carroll*, 255 F.3d at 472, citing *McNeil*, 16 F.3d at 125.

The court adheres to its view that Plaintiff's allegations of having to pass through an x-ray machine 60-70 times per year do not "raise a right to relief above the speculative level." *See Bell Atlantic*, 550 U.S. at 555. The allegations do not demonstrate that requiring Plaintiff, and other detainees, to go through an x-ray

---

[2] According to the U.S. Food and Drug Administration, the effects of medical imaging radiography include a small increase in the possibility that a person exposed to x-rays will develop cancer later in life modern, and tissue effects such as cataracts, skin reddening, and hair loss (occurring at relatively high levels of radiation exposure and rare for many types of imaging exams). *See* Medical X-ray Imaging, http://www.fda.gov/Radiation-EmittingProducts/RadiationEmittingProductsandProcedures/MedicalImaging/MedicalX-Rays/default.htm#description. Immediate fainting and nausea are not reported. The FDA says that x-ray security screening machines use ionizing radiation in extremely low doses such that there is no need to limit the number of screenings an individual can have in a year. *See* Products for Security Screening of People, http://www.fda.gov/Radiation-EmittingProducts/RadiationEmittingProductsandProcedures/SecuritySystems/ucm227201.htm.

[3] Plaintiff may be referencing the European Union's ban on x-ray body scanners (in November 2011). The U.S. Transportation Security Agency did not ban such machines. *See* Europe Bans X-Ray Body Scanners Used at U.S. Airports, http://www.propublica.org/article/europe-bans-x-ray-body-scanners-used-at-u.s.-airports.

machine creates a health risk that society would not choose to tolerate. *See Henderson*, 196 F.3d at 847.

In summary, while Plaintiff's allegations are not so fantastical to be obviously delusional, *see Denton v. Hernandez*, 504 U.S. 25, 32 (1992), the allegations remain too speculative and implausible to allow his complaint to proceed. *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). Furthermore, the court further finds that allowing Plaintiff to file a second amended complaint would be futile. *See Standard v. Nygren*, 658 F.3d 792, 796-97 (7th Cir. 2012) (court has broad discretion to deny leave to amend based on bad faith, dilatory motive, repeated failure to correct deficiencies, and when amendment would be futile). Accordingly, the matter is dismissed with prejudice.

Plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(c). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the Plaintiff may also accumulate another "strike."

ENTER:

Date: 11/17/14

                                      Manish S. Shah
                                      U.S. District Judge